Law Offices of Vincent S. Wong
Vincent S. Wong. Esq. (VW9016)
39 East Broadway, Suite 306
New York, NY 10002
T: (212) 349-6099
F: (212) 349-6599
*Attorneys for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
Hai Feng Huang,

                                                  Civil Action No.

                          Plaintiff,

        v.                                     **COMPLAINT**

Golden Seafood Palace Inc.,
Golden Seafood Palace 18 Inc.,
Joninki Chen,
Zhi Hao Chen,
Kin Wai Ting a/k/a Eric Ting,
Jennifer Chomei Kam, and
Zoey Doe a/k/a Zoe Doe,

                                  Defendants.
------------------------------------------------------------------x

Plaintiff, HAI FENG HUANG, by his undersigned attorneys, the Law Offices of Vincent S. Wong, complaining of defendants hereby states:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiff brings this action against Defendants GOLDEN SEAFOOD PALACE INC., GOLDEN SEAFOOD PALACE 18 INC., JONINKI CHEN, ZHI HAO CHEN, KIN WAI TING a/k/a ERIC TING, JENNIFER CHOMEI KAM, and ZOEY DOE (collectively, "Defendants"), to recover damages to which he is entitled: (i) unpaid minimum wages; (ii) unpaid overtime compensation; (iii) spread-of-hours compensation; (iv) damages arising from Defendants' unlawful retention of tips and improper tip-credit practices; (v) statutory damages

for Defendants' failure to provide wage notices and wage statements; (vi) damages for Defendants' failure to pay Plaintiff on a weekly basis as required for manual workers; (vii) liquidated damages; (viii) attorneys' fees and costs; and (ix) such other and further relief as authorized by the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law §§ 190, 191, 195, 650 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., a federal statute.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the New York Labor Law ("NYLL") claims arise out of the same case or controversy as the FLSA claims and share a common nucleus of operative fact.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business within this District, a substantial part of the events or omissions giving rise to the claims occurred in Kings County, Brooklyn, New York, which is within the Eastern District of New York, and one or more Defendants reside within this District.

5.      At all relevant times, Defendants' restaurant was located at 4418 8th Avenue, Brooklyn, New York 11220, which is within the Eastern District of New York.

## THE PARTIES

6.      Plaintiff HAI FENG HUANG ("HUANG") is an individual resident of the City and State of New York who resides in Kings County, Brooklyn, New York.

7. Upon information and belief Defendant GOLDEN SEAFOOD PALACE INC. ("GOLDEN SEAFOOD PALACE INC.") is a New York domestic business corporation located at 4418 8th Avenue, Brooklyn, New York 11220.

8. At all relevant times, defendant GOLDEN SEAFOOD PALACE INC. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

9. At all relevant times, defendant GOLDEN SEAFOOD PALACE INC. has had gross revenues in excess of $500,000.00.

10. Upon information and belief, at relevant times herein, defendant GOLDEN SEAFOOD PALACE INC. used goods and materials produced in interstate commerce and employed at least two individuals who handled such goods and materials.

11. Upon information and belief, defendant GOLDEN SEAFOOD PALACE INC. constituted an enterprise as defined by the FLSA.

12. Upon information and belief, defendant GOLDEN SEAFOOD PALACE INC. was an employer of Plaintiff.

13. Upon information and belief Defendant GOLDEN SEAFOOD PALACE 18 INC. ("GOLDEN SEAFOOD PALACE 18") is a New York domestic business corporation located at 4418 8th Avenue, Brooklyn, New York 11220.

14. Upon information and belief, defendant GOLDEN SEAFOOD PALACE 18 was incorporated during the period of Plaintiff's employment and assumed, continued, and/or shared in the operations of the restaurant previously conducted solely by defendant GOLDEN SEAFOOD PALACE INC.

15.    At relevant times, defendant GOLDEN SEAFOOD PALACE 18 has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

16.    At all relevant times, defendant GOLDEN SEAFOOD PALACE 18 has had gross revenues in excess of $500,000.00.

17.    Upon information and belief, at relevant times herein, defendant GOLDEN SEAFOOD PALACE 18 used goods and materials produced in interstate commerce and employed at least two individuals who handled such goods and materials.

18.    Upon information and belief, defendant GOLDEN SEAFOOD PALACE 18 constituted an enterprise as defined by the FLSA.

19.    Upon information and belief, defendant GOLDEN SEAFOOD PALACE 18 was an employer of Plaintiff.

20.    Upon information and belief, GOLDEN SEAFOOD PALACE INC. and GOLDEN SEAFOOD PALACE 18 INC. operated as a single integrated enterprise and/or joint employer, sharing common ownership, management, employees, customers, equipment, business purpose, and restaurant location.

21.    Upon information and belief, GOLDEN SEAFOOD PALACE 18 INC. was formed while the original entity, GOLDEN SEAFOOD PALACE INC., continued to operate, and both entities operated out of the same location at 4418 8th Avenue, Brooklyn, New York 11220, under common ownership and control.

22.    Together GOLDEN SEAFOOD PALACE INC. and GOLDEN SEAFOOD PALACE 18 INC. are collectively referred to herein as "GOLDEN SEAFOOD PALACE."

23. Upon information and belief, Defendant JONINKI CHEN ("JONINKI") is an individual who is an owner or part owner, manager, and principal of defendants GOLDEN SEAFOOD PALACE who had the power to hire and fire employees, set wages and schedules, determine the rate and method of payment, and maintain employee records.

24. Upon information and belief, Defendant JONINKI was involved in the day-to-day operations of defendants GOLDEN SEAFOOD PALACE and played an active role in managing the business.

25. Upon information and belief Defendant ZHI HAO CHEN ("ZHI") is an individual who is an owner or part owner, manager, and principal of defendants GOLDEN SEAFOOD PALACE who had the power to hire and fire employees, set wages and schedules, determine the rate and method of payment, and maintain employee records.

26. Upon information and belief, defendant ZHI was involved in the day-to-day operations of defendants GOLDEN SEAFOOD PALACE and played an active role in managing the business.

27. Upon information and belief Defendant KIN WAI TING a/k/a ERIC TING ("TING") is an individual who is an owner or part owner, manager, and principal of defendants GOLDEN SEAFOOD PALACE who had the power to hire and fire employees, set wages and schedules, determine the rate and method of payment, and maintain employee records.

28. Upon information and belief, defendant TING was involved in the day-to-day operations of defendants GOLDEN SEAFOOD PALACE and played an active role in managing the business.

29. Upon information and belief Defendant JENNIFER CHOMEI KAM ("KAM") is an individual who is an owner or part owner, manager, and principal of defendants GOLDEN

SEAFOOD PALACE who had the power to hire and fire employees, set wages and schedules, determine the rate and method of payment, and maintain employee records.

30.    Upon information and belief, defendant KAM was involved in the day-to-day operations of defendants GOLDEN SEAFOOD PALACE and played an active role in managing the business.

31.    Upon information and belief, defendants TING and KAM jointly participated in the ownership, management, and operation of defendants GOLDEN SEAFOOD PALACE.

32.    Upon information and belief Defendant ZOEY DOE a/k/a ZOE DOE ("DOE") is an individual whose true legal surname is presently unknown. Defendant DOE is believed to be an owner, manager, principal, and/or person exercising operational control over defendants GOLDEN SEAFOOD PALACE.

33.    Upon information and belief, Defendant DOE is the spouse of Defendant ZHI HAO CHEN and actively participated in the ownership, operation, and management of defendants GOLDEN SEAFOOD PALACE.

34.    Plaintiff will seek leave to amend this Complaint upon discovery of Defendant DOE's true legal surname.

35.    Upon information and belief, one or more individual defendants used alternate names, aliases, English names, Chinese names, nicknames, and/or variations of their names in connection with the ownership and operation of defendants GOLDEN SEAFOOD PALACE.

36.    Defendants are employers within the meaning of the FLSA and New York Labor Law.

37.    Upon information and belief Defendants have had continuous, regular, and systematic contacts with the State of New York.

## STATEMENT OF FACTS

38.    Defendants GOLDEN SEAFOOD PALACE operate a Chinese seafood restaurant in Brooklyn, New York, located at 4418 8th Avenue, Brooklyn, New York 11220, in Kings County.

39.    Upon information and belief, the restaurant operates seven (7) days per week.

40.    Plaintiff was employed primarily as a waiter/server by Defendants.

41.    Plaintiff's duties included cleaning tables, collecting dishes, setting tables, taking customer orders, packing food, serving food, moving furniture and banquet tables, sweeping and mopping floors, cleaning bathrooms, moving tablecloths, and performing other related restaurant duties.

42.    Plaintiff's work involved primarily physical labor requiring significant manual effort, and Plaintiff was a "manual worker" within the meaning of New York Labor Law § 190(4).

43.    Plaintiff's work was performed in the normal course of Defendants' business and was integrated into Defendants' restaurant operations.

44.    Plaintiff did not perform executive, administrative, or professional duties.

45.    Plaintiff was employed by Defendants from approximately March 15, 2025 through October 11, 2025.

46.    Plaintiff generally worked six (6) days per week, from Tuesday through Sunday, and was regularly off on Mondays.

47.    Plaintiff generally worked from approximately 10:30 a.m. until 10:30 p.m. on each workday.

48.     After deducting bona fide meal and break periods, Plaintiff worked approximately ten (10) compensable hours per day.

49.     Plaintiff worked approximately sixty (60) hours per week.

50.     Plaintiff was paid a fixed salary regardless of the number of hours worked.

51.     Plaintiff was paid approximately Eight Hundred Fifty Dollars ($850.00) per month.

52.     Plaintiff's monthly salary of $850.00 resulted in an effective hourly rate which is substantially below the federal minimum wage of $7.25 per hour and the New York City minimum wage of $16.50 per hour applicable during the period of Plaintiff's employment.

53.     Plaintiff was paid twice per month.

54.     Defendants failed to pay Plaintiff on a weekly basis as required by New York Labor Law § 191(1)(a) for manual workers.

55.     Plaintiff was paid in cash.

56.     Plaintiff regularly worked more than forty (40) hours per week.

57.     Defendants did not pay Plaintiff overtime compensation at one and one-half times his regular rate of pay for hours worked over forty (40) in a workweek.

58.     Plaintiff regularly worked shifts exceeding ten (10) hours in length.

59.     Defendants did not provide Plaintiff with spread-of-hours compensation.

60.     Plaintiff received tips from customers.

61.     Defendants never provided Plaintiff with any written notice concerning any claimed tip credit.

62.     Defendants never explained the tip credit provisions of New York law to Plaintiff.

63. Upon information and belief, Defendants failed to satisfy the requirements necessary to claim a tip credit against Plaintiff's wages, as required by 29 U.S.C. § 203(m) and the applicable provisions of the New York Labor Law and regulations.

64. Upon information and belief, Defendants maintained a tip pool.

65. Upon information and belief, the tip pool included servers, busboys, managers, Defendant ZHI HAO CHEN, and Defendant ZOEY DOE.

66. Upon information and belief, Defendants and managerial employees, including Defendant ZHI HAO CHEN and Defendant ZOEY DOE, improperly retained, participated in, and/or shared in employee tips.

67. Defendants failed to pay Plaintiff the full minimum wage required under federal and state law.

68. Defendants failed to keep accurate records of Plaintiff's hours worked and wages paid.

69. Defendants did not provide Plaintiff with wage notices at the time of hiring as required by New York Labor Law §195(1).

70. Defendants did not provide Plaintiff with accurate wage statements with his pay as required by New York Labor Law §195(3).

71. Defendants' violations were willful.

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act — Minimum Wage**

72. Plaintiff repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73.    At all relevant times, defendants employed Plaintiff within the meaning of the FLSA.

74.    Defendants failed to pay a salary greater than the minimum wage to Plaintiff for all hours worked.

75.    As a result of Defendants' willful failure to compensate Plaintiff at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 206.

76.    The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

77.    Due to Defendants' FLSA violations, Plaintiff is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## New York Labor Law — Minimum Wage

78.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

79.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

80.    Defendants willfully violated Plaintiff's rights by failing to pay their compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

81.     Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

82.     Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

83.     Defendants failed to pay Plaintiff the minimum wage required by New York Labor Law and applicable regulations.

### THIRD CAUSE OF ACTION

### Fair Labor Standards Act — Overtime

84.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

85.     At all relevant times, defendants employed Plaintiffs within the meaning of the FLSA.

86.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiffs for hours he worked in excess of forty hours per workweek.

87.     As a result of Defendants' willful failure to compensate Plaintiffs at a rate at least one-and-one half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

88.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

89.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION

## New York Labor Law — Overtime

90.     Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

91.     Defendants failed to pay overtime compensation as required by New York Labor Law and the applicable regulations. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92.     Defendants willfully violated Plaintiffs' rights by failing to pay his overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

93.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and §663(1).

## FIFTH CAUSE OF ACTION

### New York Labor Law — Spread of Hours

94.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

95.    At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

96.    Defendants willfully violated Plaintiffs' rights by failing to pay him an additional hour's pay at the minimum wage for each day he worked more than ten hours, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 146-1.6.

97.    Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

98.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants his unpaid compensation, liquidated damages, interest reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## SIXTH CAUSE OF ACTION

### Unlawful Tip Credit and Tip Retention

99.    Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

100.    At all relevant times, Plaintiff was an employee of Defendants within the meaning of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

101.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

102.    During Plaintiff's employment, Plaintiff received, earned, and/or was entitled to receive tips and gratuities from customers in connection with the services Plaintiff performed.

103.    The tips and gratuities received or earned by Plaintiff were the property of Plaintiff and could not lawfully be retained by Defendants or distributed to Defendants' owners, officers, agents, managers, supervisors, or other persons who were not legally eligible to participate in a tip pool.

104.    Defendants failed to satisfy the statutory prerequisites necessary to claim a tip credit under 29 U.S.C. § 203(m) and the applicable provisions of the New York Labor Law and regulations.

105.    Defendants further maintained an unlawful tip pool including management and/or ownership personnel.

106.    The FLSA prohibits an employer from keeping any portion of the tips received by its employees for any purpose, including permitting managers or supervisors to retain any portion of employees' tips, regardless of whether the employer claims a tip credit.

107.    NYLL § 196-d prohibits an employer, its agent, or an officer or agent of a corporation from directly or indirectly demanding or accepting any portion of an employee's gratuities, except for the lawful administration of a valid tip-sharing or tip-pooling arrangement among eligible employees.

108.    Defendants demanded, accepted, withheld, retained, diverted, misappropriated, and/or failed to distribute tips and gratuities belonging to Plaintiff.

109. Defendants' retention and diversion of Plaintiff's tips and gratuities were not part of a lawful tip-sharing or tip-pooling arrangement limited to employees legally eligible to receive gratuities.

110. By retaining, diverting, and/or failing to distribute Plaintiff's tips and gratuities, Defendants violated 29 U.S.C. § 203(m)(2)(B) and NYLL § 196-d.

111. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered damages in an amount equal to all tips and gratuities unlawfully retained, withheld, diverted, or misappropriated by Defendants.

112. Defendants' violations of the FLSA and NYLL were willful and were not undertaken in good faith or upon reasonable grounds for believing that their conduct complied with applicable law.

113. Plaintiff is therefore entitled to recover all unlawfully retained tips and gratuities, an equal amount as liquidated damages, prejudgment interest to the extent permitted by law, reasonable attorneys' fees and costs, and all other legal and equitable relief authorized by the FLSA and NYLL.

**SEVENTH CAUSE OF ACTION**

**New York Labor Law – Wage Theft Prevention Act)**

114. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

115. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

116.   Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter, as required by NYLL §195(1).

117.   Defendants willfully violated Plaintiffs' rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment, as required by NYLL §195(3).

118.   Due to Defendants' New York Labor Law violations relating to the failure to provide compliant, accurate paystubs, Plaintiffs are entitled to recover from the Defendants statutory damages, up to the maximum statutory damages.

119.   Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from the Defendants statutory damages up to the maximum statutory damages.

## EIGHTH CAUSE OF ACTION

### Frequency of Pay — NYLL §191

120.   Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

121.   Plaintiff was a "manual worker" within the meaning of New York Labor Law § 190(4) whose work involved primarily physical labor.

122.   Under New York Labor Law § 191(1)(a), manual workers must be paid on a weekly basis, not later than seven calendar days after the end of the week in which wages are earned.

123.   Defendants paid Plaintiff only twice per month, rather than on a weekly basis as required by law.

124.    Defendants' failure to pay Plaintiff on a weekly basis violated New York Labor Law § 191(1)(a).

125.    As a result of Defendants' violation, Plaintiff is entitled to recover liquidated damages, reasonable attorney's fees, and costs pursuant to NYLL § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. Unpaid minimum wages;

B. Unpaid overtime compensation;

C. Spread-of-hours compensation;

D. Recovery of all improperly retained tips and tip-credit damages;

E. Damages for Defendants' failure to pay Plaintiff on a weekly basis as required for manual workers under NYLL § 191;

F. Liquidated damages under the FLSA and NYLL;

G. Statutory damages pursuant to NYLL §195(1);

H. Statutory damages pursuant to NYLL §195(3);

I. Pre-judgment interest;

J. Post-judgment interest;

K. Attorneys' fees and costs; and

L. Such other and further relief as the Court deems just and proper.

Dated: July 24, 2026
New York, NY

Respectfully submitted,

/s/Vincent S. Wong
Vincent S. Wong, Esq. (VW9016)